## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Thomas A. Pedreira (No. 106169)
Lybeck Pedreira & Justus, PLLC
7900 SE 28th St., Suite 500
Mercer Island, WA 98040
Ph. 206-687-7805
Attorney for Defendant John Doe subscriber assigned IP address 67.180.85.215

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | Hon. William Alsup, U.S.D.J. |
| *Plaintiff,* | Case No. 3:16-cv-01006 (WHA) |
| vs. | <u>CIVIL ACTION</u> |
| **JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 67.180.85.215,** | **NOTICE OF MOTION TO QUASH** |
| *Defendant.* | |
| | <u>Hearing Date</u>: June 16, 2016 |
| | Document Filed Electronically |

TO:   Brenna Erlbaum                   Comcast Corporation
      Heit Erlbaum, LLP                Attn: Legal Department
      501-I South Reino Rd #344        c/o CT Corporation System
      Newbury Park, CA 91320           818 West Seventh Street Ste 930
                                       Los Angeles, CA 90017

PLEASE TAKE NOTICE that on **June 16, 2016**, at 8:00 a.m., or as soon thereafter as counsel be heard, Defendant John Doe subscriber assigned IP address 67.180.85.215 shall move before the Hon. William Alsup, U.S.D.J., United States District Court, 450 Golden Gate Avenue, Courtroom 8 - 19th Floor, San Francisco, CA 94102 to grant defendant's **Motion to Quash the subpoena served on Comcast Corporation** in the above captioned matter, pursuant to Rules 45, 5.2(e) and/or 26(c) of the Federal Rules of Civil Procedure.

<u>Notice of Limited Appearance:</u>  Defendant has not been served with process in this case, and this Motion is not to be construed as a general appearance.  Defendant only makes this Motion as a special, limited appearance, and does not waive service of process by making this limited appearance.

|  | By: | /s/ Thomas A. Pedreira |
|---|---|---|

Dated:  May 11, 2016

Thomas A. Pedreira (No. 106169)
Lybeck Pedreira & Justus PLLC
7900 SE 28th St., Suite 500
Mercer Island, WA 98040
email: tom@lpjustus.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Thomas A. Pedreira (No. 106169)
Lybeck Pedreira & Justus, PLLC
7900 SE 28th St., Suite 500
Mercer Island, WA 98040
Ph. (206-687-7805
Attorney for Defendant John Doe subscriber assigned IP address 67.180.85.215

|  |  |
|---|---|
| **MALIBU MEDIA, LLC,** | Hon. William Alsup, U.S.D.J. |
| *Plaintiff,* | Case No. 3:16-cv-01006 (WHA) |
| vs. | CIVIL ACTION |
| **JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 67.180.85.215,** | HEARING DATE: June 16, 2016 |
|  | Document Filed Electronically |
| *Defendant.* |  |

# MOTION TO QUASH SUBPOENA

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MALIBU MEDIA'S NATIONWIDE LITIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

        Plaintiff's Subpoena Served on Comcast Should Be Quashed Where:

               (1) Defendant has standing to challenge the subpoena.   . . . . . . . . . . . . 5

               (2) Subpoena would subject Defendant to undue burden, annoyance and/or
               embarrassment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . .6

               (3) Plaintiff's subpoena will not identify the alleged infringer   . . . . . . . 10

               (4) Plaintiff has failed to establish jurisdiction over the Defendant. . . . . . 12

        CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Defendant's Motion to Quash Subpoena
Case No. 3:16-cv-01006- WHA

# TABLE OF AUTHORITIES

## CASES

AF Holdings LLC v. Rogers, No. 3:12-cv-01519 (ECF No. 14), 2013 WL 358292 (S.D. Cal. Jan. 29, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Ashcroft v. Iqbal, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Boy Racer, Inc., v. Does 1-60, No. 11-01738 (ECF No. 24) (N.D. Cal. Aug. 19, 2011). . . . . . . . 5

Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239 (S.D.N.Y. 2012). . . . . . . . . . . . . . . . . . . . . . . 8

Elf-Man, LLC v. Cariveau, No. 2:13-00507 (ECF No. 78), 2014 WL 202096 (W.D. Wash. Jan. 17, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Hard Drive Prods., Inc. v. Does 1-90, No. 11-03825 (ECF No. 18), 2012 WL 1094653 (N.D. Cal. Mar. 30, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hard Drive Prods., Inc., v. Does 1-130, No. C-11-3826 (ECF No. 16), 2011 U.S. Dist. LEXIS 132449 (N.D. Cal. Nov. 16, 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hard Drive Prods., Inc., v. Does 1-188, 809 F. Supp.2d 1150 (N.D. Cal. 2011). . . . . . . . . . . . . 5

In Re BitTorrent Adult Film Copyright Infringement Cases, No. 12-01147 (ECF No. 4), 2012 WL 1570765 (E.D.N.Y. May 1, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Ingenuity 13 LLC. v. John Doe, No. 12-8333 (ECF No. 48) (C.D. Cal. Feb. 7, 2013). . . . . . . . . . 7

Malibu Media, LLC v. Doe, No. 8:13-cv-00365 (ECF No. 607), 2014 WL 7188822 (D. Md. Dec. 16, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Malibu Media, LLC v. Does 1-25, No. 12-362 (ECF No. 27), 2012 WL 2367555 (S.D. Cal. June 21, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Malibu Media, LLC v. Does 1-5, No. 1:12-cv-02950 (ECF No. 7), 2012 WL 2001968 (S.D.N.Y. June 1, 2012) (Oetkin, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Malibu Media, LLC v. John Doe subscriber assigned IP address 207.38.208.137, No. 1:15-cv-01883 ( ECF No. 16) (S.D.N.Y. Apr. 10, 2015) (Fox, J.). . . . . . . . . . . . . . . . . 15

Malibu Media, LLC, v. Austen Downs, No. 1:14-cv-00707 (ECF No. 17) (S.D. Ohio May 26, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Malibu Media, LLC, v. John Doe subscriber assigned IP address 66.108.67.10, No.

1:15-cv-04369 (ECF No. 10 ) (S.D.N.Y. July 6, 2015) (Hellerstein, J.) . . . . . . 8 - 1 0 ,  1 3

Malibu Media, LLC, v. John Does, No. 2:12-01642 (ECF No. 32) (D.C. Cal. Oct. 10, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Malibu Media LLC v. John Doe, No. 1:13-cv-00893 (ECF No. 10-2) (W.D.MI Oct. 7, 2013. . . . 9

Malibu Media LLC v. John Doe, No. 15-cv-3504 (ECF No. 19)(Dec. 15, 2015). . . . . . . . . . . .   14

Malibu Media, LLC, v. John Doe, No. 3:15-02919 (ECF No. 6) (S.D. Cal. February 17, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . .13

Malibu Media, LLC, v. John Doe, No. 3:15-02933 (ECF No. 5) (S.D. Cal. February 17, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13- 14

Malibu Media, LLC, v. John Doe, No. 3:15-02931 (ECF No. 6) (S.D. Cal. March 17, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

In re Malibu Media Adult Film Copyright Infringement Cases, No. 2:15-cv-3216 (ECF No. 13) (E.D.N.Y. Oct. 6, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

Malibu Media LLC v. Does 1-10, No. 12-cv-3623, 2012 WL 5382304 (C.D. Cal. June 27, 2012) 3

Manny Film, LLC, v. John Doe Subscriber Assigned IP Address 66.229.140.101, No. 0:15-cv-60446 (ECF No. 10) (S.D. Fla. April 8, 2015). . . . . . . . . . . . . . . . . . . . . . . .   12

MCGIP v. Does 1-149, No. 11-02331 (ECF No. 14), 2011 WL 4352110 (N.D. Cal. Sept. 16, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Media Prods., Inc., DBA Devil's Film v. John Does 1-26, No. 1:12-cv-03719 (ECF No. 5) (S.D.N.Y. June 18, 2012) (Baer, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Patrick Collins, Inc. v. Does 1-6, No. 1:12-cv-02964 (ECF No. 7), 2012 WL 2001957 (S.D.N.Y. June 1, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

SBO Pictures, Inc., v. Does 1-3,036, No. 11-4220 (ECF No. 14), 2011 WL 6002620 (N.D. Cal. Nov. 30, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 11

Third Degree Films, Inc. v. Does 1-108, No. 11-3007 (ECF No. 316), 2012 WL 669055 (D. Md. Feb. 28, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Third Degree Films, Inc., v. John Does 1-110, No. 12-5817 (ECF No. 7) (D.N.J. Jan. 17, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

VPR Internationale v. Does 1-1,017, No. 11-02068 (ECF No. 15 ), 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ii

Defendant's Motion to Quash Subpoena
Case No. 3:16-cv-01006- WHA

Washington v. Thurgood Marshall Acad., 230 F.R.D. 18 (D.D.C. 2005). . . . . . . . . . . . . . . . . . . 5

**FEDERAL RULES OF CIVIL PROCEDURE**

26. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 7,  9

45. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7

**OTHER SOURCES**

H.R. Rep. 98-934 (1984), reprinted in 1984 U.S.C.C.A.N. 4655. . . . . . . . . . . . . . . . . . . . . . . . 5

Matthew Sag, Copyright Trolling, An Empirical Study, 100 Iowa L. Rev. 1105, 1108
   (2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Defendant's Motion to Quash Subpoena
Case No. 3:16-cv-01006- WHA

## PRELIMINARY STATEMENT

Defendant John Doe subscriber assigned IP address 67.180.85.215, by and through counsel, files

this Motion for an Order from the Court Quashing the Plaintiff's Rule 45 subpoena to Comcast,

returnable May 13, 2016.

## STATEMENT OF FACTS

On February 29, 2016, the Plaintiff, Malibu Media, LLC ("Plaintiff" or "Malibu Media"), filed a copyright infringement lawsuit against the Defendant, John Doe account subscriber for IP address 67.180.85.215, ("Defendant" or "John Doe"). (ECF Doc. 1). Plaintiff claims John Doe illegally downloaded and distributed 131 of the Plaintiff's pornographic movies between April 4, 2014 and December 11, 2015. See Exhibits A and B attached to the Complaint. (ECF Docs. 1, 1-1, 1-2).

This Court granted Plaintiff's motion for leave to serve a third party subpoena onto Defendant's Internet Service Provider ("ISP"), Comcast Corporation on March 23, 2016. (ECF Doc. 7).  Plaintiff seeks to obtain the identity and address of Defendant, who was the account holder of the IP address alleged by Plaintiff to have participated in downloading its copyrighted movies using BitTorrent. Defendant seeks an Order from the Court Quashing Plaintiff's Rule 45 subpoena to Comcast.

## MALIBU MEDIA'S NATIONWIDE LITIGATION

Malibu Media is a California company that produces pornographic videos available to customers who subscribe to their website. (Field Decl. ¶ 2-6. ECF Doc 6-1). In addition to creating adult content, Malibu Media has engaged in nationwide litigation against thousands of individuals who Malibu Media has accused of illegally downloading their copyrighted works using BitTorrent.

Due to the volume of cases filed by Malibu Media, numerous judges have examined Malibu Media's litigation tactics as a whole. In a previous Malibu Media case in California, the Honorable Judge Otis Wright examined copyright infringement lawsuits filed by pornographic copyright holders, finding a "common theme"- namely that the plaintiffs' goals were to obtain fast settlements, rather than legal decisions "on the merits." *Malibu Media LLC v. Does 1-10,* No. 12-cv-3623, 2012 WL 5382304 at *4 (C.D. Cal. June 27, 2012). The judge went on to say, "[t]he federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial." *Id.*

In a recent Malibu Media case in Ohio, the Honorable Judge Timothy Black appeared to concur with Judge Otis Wright's contention that the purpose of these lawsuits was not a trial on the merits, but settlement. Tellingly, the judge stated, a "copyright troll has been defined as 'an owner of a valid copyright who brings an infringement action not to be made whole, but rather as a primary or supplemental revenue stream'…Under this definition, Malibu Media certainly qualifies." *See* Order to Show Cause, ECF Doc. No. 17, *Malibu Media LLC v. Austen Downs, 14-cv-707* (S.D. Ohio May 26, 2015).

Defendant's Motion to Quash Subpoena
Case No. 3:16-cv-1006- WHA

Judge Black described Malibu Media's litigation tactics as "an unmistakable pattern." *Id.* He noted that Malibu Media had filed 60 cases in the Southern District of Ohio, yet not "one of these 60 cases has ever progressed to a Rule 26(f) conference." *Id.*

The same pattern appears to have continued in California. Since 2015, Malibu Media has filed over 200 cases in the state of California, yet to date, only a small percentage of Defendants have been served with a summons. Further, multiple cases have been dismissed for failure to timely serve the Defendant. It seems as though Malibu Media is continuing its "unmistakable pattern" in this lawsuit.

## LEGAL ARGUMENT

Plaintiff's Subpoena Served on Comcast Should Be Quashed Where:

(1) Defendant has standing to challenge the subpoena;

(2) The Subpoena would subject Defendant to undue burden, annoyance and/or Embarrassment;

(3) Plaintiff's subpoena will not identify the alleged infringer; and

(4) Plaintiff has failed to establish jurisdiction over the Defendant.

1. <u>Defendant has standing to challenge the subpoena.</u>

A party has standing to challenge a third party subpoena if the challenging party has a personal or proprietary interest in the information sought. *See Washington v. Thurgood Marshall Acad.,* 230 F.R.D. 18, 21 (D.D.C. 2005). Here, the Defendant has a personal and proprietary interest in the personal details sought in the subpoena. Congress recognizes that subscribers have a privacy interest in their personally identifying information retained by internet service providers. *See* H.R. Rep. 98-934 (1984), *reprinted in* 1984 U.S.C.C.A.N. 4655 at \*79 ("The Congress is recognizing a right of privacy in personally identifying information collected and held by a cable company. . .").

Courts in the Northern District of California previously found that the account subscribers of an IP address may challenge subpoenas issued to their internet service providers in similar BitTorrent copyright infringement cases. *See, e.g., Hard Drive Prods., Inc., v. Does 1-188,* 809 F. Supp.2d 1150 (N.D. Cal. 2011) (order granting Doe's motion to quash); *Boy Racer, Inc., v. Does 1-60,* No. 11-01738 (ECF No. 24) (N.D. Cal. Aug. 19, 2011) (order granting Doe's motion to quash and dismiss Case without prejudice).

In a previous California Malibu Media case, the court found the defendants had standing to object to the subpoena, even where the defendant's privacy interest is "minimal at best." *See, e.g., Malibu Media, LLC v. Does 1-25,* No. 12-362 (ECF No. 27 at 3), 2012 WL 2367555, *2 (S.D. Cal. June 21, 2012). Because Defendant John Doe has at least a minimal privacy interest in the information requested by the subpoena, Defendant has standing to object. *Third Degree Films, Inc. v. Does 1-108,* No. 11-3007 (ECF No. 31 at 6), 2012 WL 669055, *2 (D. Md. Feb. 28, 2012) ("however minimal or 'exceedingly small' the Doe Defendants' interests here are, parties need only have some personal right or privilege in the information sought to have standing to challenge a subpoena to a third party").

Thus, Defendant in this case has standing to challenge the subpoena served on Comcast.

2.     The Subpoena Would Subject Defendant to Undue burden, Annoyance and/or Embarrassment

A party may also object under FED. R. CIV. P. 26 and/or 45 to a subpoena if the subpoena would subject them to undue burden, annoyance and/or embarrassment. Defendant asserts Plaintiff wishes to obtain the Defendant's identity to force a settlement rather than face the alternative of litigating an expensive lawsuit involving pornography. This assertion is supported by findings in similar cases in the Northern District of California. As one court explained:

> "once the plaintiff obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand . . . the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle . . . . Thus, these mass copyright infringement cases have emerged as a strong tool for leveraging settlements – a tool whose efficiency is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access en masse to the identities of alleged infringers." *MCGIP v. Does 1-149*, No. 11-02331 (ECF No. 14 at note 5), 2011 WL 4352110, at *4 (N.D. Cal. Sept. 16, 2011).

*See also On the Cheap, LLC, v. Does 1-5011*, No. C10-4472 (ECF No. 66 at 11), 2011 WL 4018258 at *11 (N.D. Cal. Sept. 6, 2011) (The court stated that plaintiff's settlement tactics leave

defendants with "a decision to either accept plaintiff's demand or incur significant expense to defend themselves" and found that this does not "comport with the 'principles of fundamental fairness' ").

Another court in the Northern District of California recognized that plaintiffs like Malibu Media "would likely send settlement demands to the individuals whom the ISP identified as the IP subscriber. 'That individual – whether guilty of copyright infringement or not – would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the settlement demand.  This creates great potential for a coercive and unjust settlement.'" *SBO Pictures, Inc., v. Does 1-3,036*, No. 11-4220 (ECF No. 14 at 8), 2011 WL 6002620, at *8 (N.D. Cal. Nov. 30, 2011) (quoting *Hard Drive Prods., Inc., v. Does 1-130,* No. C-11-3826 (ECF No. 16), 2011 U.S. Dist. LEXIS 132449 at *9 (N.D. Cal. Nov. 16, 2011).

As another California court noted,

> "The Court has previously expressed concern that in pornographic copyright infringement lawsuits like these, the economics of the situation makes it highly likely for the accused to immediately pay a settlement demand.  Even for the innocent, a four-digit settlement makes economic sense over fighting the lawsuit in court – not to mention the benefits of preventing public disclosure (by being named in a lawsuit) of allegedly downloading pornographic videos." *Ingenuity 13 LLC. v. John Doe,* No. 12-8333 (ECF No. 48 at 7) (C.D. Cal. Feb. 7, 2013).

In a similar case, the judge believed the purpose of these types of lawsuits was to create settlements, not litigation, stating "the court will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net)." *Hard Drive Prods., Inc. v. Does 1-90,* No. 11-03825 (ECF No. 18 at 11), 2012 WL 1094653, at *7 (N.D. Cal. Mar. 30, 2012).

As previously stated, judges in multiple jurisdictions have examined cases filed by Malibu Media. Defendant believes the recent decision by the Honorable Judge Alvin Hellerstein in the Southern District of New York to be instructive on the issue at hand. Judge Hellerstein recently denied Malibu Media's request to send a subpoena to the internet service provider, stating:

> Recent empirical studies show that the field of copyright litigation is increasingly being overtaken by "copyright trolls," roughly defined as plaintiffs who are "more focused on the business of litigation than on selling a product or service or licensing their [copyrights] to third parties to sell a product or service."  Matthew Sag, *Copyright Trolling, An Empirical Study,* 100 Iowa L. Rev. 1105, 1108 (2015).  "The paradigmatic troll plays a numbers game in which it targets hundreds or thousands of defendants, seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim."  *Id.* The lawsuits most frequently target anonymous John Does for alleged infringement related to the use of BitTorrent.  Indeed, of "the 3,817 copyright law suits filed in 2013, over 43% were against John Does and more than three-quarters of those related to pornography."  *Id.* at 1108-09. But almost none ever reaches a hearing. Rather, the "lawsuits are filed to take advantage of court ordered discovery [under Fed. R. Civ. P. 26(d)] to break the veil of anonymity that separates IP addresses from the account information of actual human beings."  *Id.* at 1109;  *see also Digital Sin, Inc. v. Does 1-176,* 279 F.R.D. 239, 241 (S.D.N.Y. 2012).   They then use this information to quickly negotiate settlements on mass scale without any intention of taking the case to trial.  *See, e.g., Media Prods., Inc., DBA Devil's Film v. John Does 1-26,* No. 12-cv-3719, at 4 (S.D.N.Y. June 18, 2012) (explaining that the settlements in these BitTorrent cases are "are for notoriously low amounts relative to the possible statutory damages, but high relative to the low value of the work and minimal costs of mass litigation. Cases are almost never prosecuted beyond sending demand letters and threatening phone calls.").
>
> In 2012, judges in the Southern District and across the country began awakening to the danger of copyright trolls, especially in the context of pornography. For example, the late Judge Harold Baer, Jr. explained that "[i]n such cases, there is a risk not only of public embarrassment for the misidentified defendant, but also that the innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations."  *Media Prods., Inc.* [*DBA Devil's Film v. John Does 1-26,*] No. 1:12-cv-03719 (ECF No. 5 at 4) (S.D.N.Y. June 18, 2012) (Baer, J.).   The largest copyright trolls were increasingly unscrupulous in abusing the litigation process to exploit this dynamic.  *See In re BitTorrent Adult Film Copyright Infringement Cases,* 296

F.R.D. 80, 89 (E.D.N.Y. 2012). ("The most persuasive argument against permitting plaintiffs to proceed with early discovery arises from the clear indicia, both in this case and in related matters, that plaintiffs have employed abusive litigations tactics to extract settlements from John Doe defendants."); *Patrick Collins, Inc. v. John Does 1-37,* No. [2:12-cv-01259], 2012 WL 287832, at *3 n. 2 (C.D. Cal. Jul. 11, 2012) ("the federal courts are not flexible enough to be shaped into 'cogs in a plaintiffs copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that [Plaintiffs have] no intention of bringing to trial.' "); *Malibu Media, LLC v. Does 1-5,* No. 1:12-cv-02950 (ECF No. 7), 2012 WL 2001968, at * 1 (S.D.N.Y. June 1, 2012) (Oetkin, J.) ("This Court shares the growing concern about unscrupulous tactics used by certain plaintiffs, especially in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded."); *Digital Sins, Inc. v. John Does 1-245,* No. 1:11-cv-08170 (ECF No. 18), 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012) (McMahon, J.) ("In these BitTorrent cases, numerous courts have already chronicled abusive litigation practices ..."); *SEO Pictures, Inc. v. Does 1-20,* No. 12-cv-3925, 2012 WL 2034631, at * 1 (S.D.N.Y. June 5, 2012) ("Finally, early discovery has been used repeatedly in cases such as this one to harass and demand of defendants quick settlement payments, regardless of their liability."); *Digital Sin, Inc. v. Does 1-176,* 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The Plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.").

*Malibu Media, LLC, v. John Doe subscriber assigned IP address 66.108.67.10,* No. 1:15-cv-04369 (ECF No. 10 at 5-6) (S.D.N.Y. July 6, 2015) (Hellerstein, J.) (footnote omitted)

Defendant has additional concerns about how Malibu Media will use the personal information it receives from the internet service provider. Malibu Media's co-owner Colette Field claims the company does "not seek to use the Court system to profit from infringement" or supplement company income. (Field Decl. ¶ 14. ECF Doc 9-1). However, this claim is contradicted by correspondence filed in a Michigan Malibu Media case in which Malibu Media attorney Paul Nicoletti stated that not only does Malibu Media run an asset search on defendants

but it "also looks at Defendant's earning power over a 20 year period." See *Malibu Media LLC v. John Doe*, 13-cv-00893, Doc. 10-2, (W.D. Mich. October 7, 2013).

This troubling admission supports the Defendant's assertion and the findings of multiple judges cited in this motion, that Malibu Media's true goal in obtaining the identity of the subscriber is not to litigate the case on the merits, but rather to extract the maximum settlement possible from the Defendant. If the true goal were litigation, Malibu Media's efforts at the outset of a case would be targeted at obtaining evidence to prove their claims instead of obtaining asset searches and predicting a defendant's income potential over a twenty year period.

Based on Malibu Media's past litigation tactics, the Defendant's privacy interests are at stake and the Defendant will be subjected to annoyance, harassment, embarrassment, undue burden and expense if this Court does not grant the requested relief or otherwise prohibit the Plaintiff from obtaining Defendant's identity.

3.      Plaintiff's Discovery Request Will Not Identify the Alleged Offender

The requested subpoena responses will not identify the actual infringer. It will only provide the identity of the person whose name was on the account at the time of the alleged downloads. The actual infringer could be anyone. It is very possible that the infringer was another household member, an employee or customer of the defendant's business, a neighbor, guest or even a stranger who was able to hack into this Defendant's internet access.

In a Central District of California Malibu Media case, the court denied Malibu Media's request to serve a subpoena onto the defendants' internet service providers because Malibu Media failed to demonstrate that the subpoena response would identify the infringer. The judge found that:

> [T]he subscriber information is not a reliable indicator of the actual infringer's identity. Due to the proliferation of wireless internet and wireless-enabled mobile computing (laptops, smartphones, and tablet computers), it is commonplace for internet users to share the same internet connection,

Defendant's Motion to Quash Subpoena
Case No. 3:16-cv-1006- WHA
10

and thus, share the same IP address. Family members, roommates, employees, or guests may all share a single IP address and connect to BitTorrent. If the subscriber has an unsecured network, it is possible that the actual infringer could be a complete stranger standing outside the subscriber's home, using the internet service and who's internet activity is being attributed to the unknowing subscriber's IP address. Thus, obtaining the subscriber information will only lead to the person paying for the internet service and not necessarily the actual infringer.

It is even more unlikely that early discovery will lead to the identities of Defendants given how commonplace internet usage outside one's home has become. An increasing number of entities offer publically-accessible internet service; consider coffee shops, workplaces, schools, and even cities. Mobile-computing allows internet users and copyright infringers, to connect to the internet in any such location. A given entity may have hundreds or thousands of users in a one to two-month period. Obtaining the subscriber information in these cases will only lead to name of the entity and is unlikely to yield any identifying information about the actual infringer. Accordingly, granting early discovery for the subscriber information is not very likely to reveal the identities of Defendants.

*Malibu Media, LLC, v. John Does,* No. 2:12-01642 (ECF No. 32 at 4-5) (C.D. Cal. Oct. 10, 2012) (internal citations omitted).

Malibu Media could not demonstrate that the subpoena response would identity the infringer in the above referenced case, and it cannot demonstrate that the subpoena response would identify the infringer in this case. Identifying the individual who pays the internet bill associated with a particular account does not identify the individual who may have infringed a copyright via that IP address. As the court in *SBO Pictures* understood, "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the internet connection for illicit purposes." *SBO Pictures, Inc.*, *supra*, 2011 WL 6002620, at *3. *See also VPR Internationale v. Does 1-1,017,* No. 11-02068 (ECF No. 15 at 2 ), 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011) ("Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect . . . . The infringer might be the subscriber,

someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked

on the street at any given moment.")

Other court decisions cited by Judge Hellerstein in the July 6, 2015, Southern District of

New York decision noted the lack of connection between a mere IP address and the actor:

> The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer. Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering internet connection." *Patrick Collins, Inc. v. Does 1-6,* No. 1:12-cv-02964 (ECF No. 7), 2012 WL 2001957, at *1 (S.D.N.Y. June 1, 2012) (internal citations omitted); *see also In re BitTorrent Adult Film Copyright Infringement Cases,* No. 12-01147 (ECF No. 4), 2012 WL 1570765 (E.D.N.Y. May 1, 2012) ("[T]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time."); *Digital Sin, Inc. v. John Does 1-176,* 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (finding that approximately **30% of John Does identified by their internet service providers are not the individuals who actually downloaded the allegedly infringing films)**. The risk of misidentification is great in a world with ubiquitous Wi-Fi, and given courts' concerns that these sorts of allegations - especially by this plaintiff - are likely to coerce even innocent defendants into settling, the risk of misidentification is important to protect against.

*Malibu Media, LLC, v. John Doe subscriber assigned IP address 66.108.67.10,* No. 1:15-cv-04369 (ECF No. 10 at 9-10) (S.D.N.Y. July 6, 2015) (emphasis added) (Hellerstein, J.).

As these types of cases are common nationwide, other courts have concluded as well

that an IP address "may not be a sufficient basis on which a plausible claim can lie against a

subscriber." *Malibu Media, LLC v. Doe,* No. 8:13-cv-00365 (ECF No. 60 at 7), 2014 WL

7188822, at *4 (D. Md. Dec. 16, 2014); *see Elf-Man, LLC v. Cariveau,* No. 2:13-00507

(ECF No. 78), 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) ("While it is possible

that one or more of the named defendants was personally involved in the download, it is also

possible that they simply failed to secure their connection against third-party interlopers.");

*AF Holdings LLC v. Rogers,* No. 3:12-cv-01519 (ECF No. 14), 2013 WL 358292, at *3

(S.D. Cal. Jan. 29, 2013) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual the touchstone of *Iqbal* and *Twombly*.").  *Accord, Manny Film, LLC, v. John Doe Subscriber Assigned IP Address 66.229.140.101,* No. 0:15-cv-60446 (ECF No. 10) (S.D. Fla. April 8, 2015).

4.   <u>Plaintiff has failed to establish jurisdiction over the Defendant.</u>

Finally, numerous judges have raised concerns regarding the accuracy and validity of the IP address tracking methods utilized by Malibu Media. In this case, Malibu Media claims that based on experience, their tracking methods "predicted the location of the Defendant 99% of the time." (See Ex Parte Motion for Leave to Serve a Third Party Subpoena) (ECF No. 6) However, Malibu Media did not attach any evidence supporting this claim. Questions exist as to how accurately Malibu Media can identify IP addresses allegedly involved in downloading their copyrighted works using BitTorrent.

Recently, judges denied Malibu Media's requests to serve early discovery in three California cases based on concerns with the accuracy of Plaintiff's geolocation methods. *See Malibu Media, LLC, v. John Doe*, No. 3:15-02931 (ECF No. 6) (S.D. Cal. March 17, 2016); *Malibu Media, LLC, v. John Doe*, No. 3:15-02933 (ECF No. 5) (S.D. Cal. February 17, 2016); *Malibu Media, LLC, v. John Doe*, No. 3:15-02919 (ECF No. 6) (S.D. Cal. February 17, 2016).

Recently, the Honorable Ruben Brooks denied Malibu Media's request for early discovery due to Plaintiff's failure to provide evidentiary support that venue was proper. In his order dated March 17, 2016, Judge Brooks found:

> Plaintiff fails to offer any evidence to support its allegation that the infringing IP address was actually traced to a location within this judicial district. Nothing in the declarations Plaintiff submitted with it Ex Parte Motion explains what steps Plaintiff took to trace the IP address to a

physical point of origin within this Court's jurisdiction. Moreover, neither Plaintiff's Complaint nor its Ex Parte Motion establishes how Plaintiff was able to correlate Defendant's IP address to Time Warner Cable. Plaintiff's Complaint is accompanied by a chart that lists Time Warner Cable as the ISP and identifies the physical location as San Diego, California. Plaintiff does not explain how the "physical location" was determined and whether the location indicated on the chart refers to the ISP or to the Defendant. Because Malibu Media has not offered any evidentiary support for these allegations, the Plaintiff has not met its burden to show that it made a good faith effort to specifically identify the Defendant as a person who can be sued in the United States District Court for the Southern District of California.

*Malibu Media, LLC, v. John Doe*, No. 3:15-02931 (ECF No. 6 pg. 4-5) (S.D. Cal. March 17, 2016).

The Honorable Mitchell Dembin raised similar concerns when he denied Malibu Media's request for early discovery in two cases recently on the grounds that Malibu Media failed to "identify Defendant with enough specificity to enable the Court to determine that Defendant is a real person or entity who would be subject to the jurisdiction of this Court." *Malibu Media, LLC, v. John Doe*, No. 3:15-02919 (ECF No. 6 pg. 4) (S.D. Cal. February 17, 2016); *Malibu Media, LLC, v. John Doe*, No. 3:15-02933 (ECF No. 5 pg. 4) (S.D. Cal. February 17, 2016).

Specifically, the court found:

> "[t]he allegation that the IP address at issue likely resolves to a physical address in this District is not supported in any of the declarations filed in connection with the instant motion. In its Memorandum of Points and Authorities filed in support of this Motion, Plaintiff against asserts that it employed geolocation technology to trace the physical address of the offending IP address within this jurisdiction, and adds the name of the software employed, but again provides no evidentiary support for its assertions…As there is no evidence supporting the allegation that Defendant would be subject to this Court's jurisdiction, the instant Motion must fail."

*Malibu Media, LLC, v. John Doe*, No. 3:15-02933 (ECF No. 5 pg. 4-5) (S.D. Cal. February 17, 2016).

In addition to the judges in California who have expressed concerns about the accuracy of Plaintiff's geolocation methods, Judge Steven Locke in the Eastern District of New York has expressed similar concerns. Judge Locke has stayed all active cases in the Eastern District of New York pending an evidentiary hearing concerning Malibu Media's geolocation techniques. *See In re Malibu Media Adult Film Copyright Infringement Cases,* No. 2:15-cv-03216 (ECF No. 13) (E.D.N.Y. Oct. 6, 2015); *Malibu Media LLC v. John Doe*, No. 15-cv-03504 (ECF No. 19) (E.D.N.Y. Dec. 15, 2015).

Since the Plaintiff failed to supply any evidence demonstrating the accuracy of its geolocation tracking software, it has failed to establish valid jurisdiction over the Defendant. Without demonstrating proper venue and jurisdiction over the Defendant in this case, the Defendant's Motion to Quash should be granted.

## CONCLUSION

Based on the aforementioned court decisions, Defendant respectfully requests that the Court vacate its prior Order granting Plaintiff permission to serve a subpoena on Comcast and enter an Order quashing the subpoena issued to Comcast to prevent it from disclosing Defendant's name, address and other identifying information. In the alternative, the Defendant respectfully requests the Court set an evidentiary hearing to hear testimony regarding the accuracy and validity of the geolocation technology utilized by Malibu Media to identify alleged infringers.

By:    /s/ Thomas A. Pedreira
       Thomas A. Pedreira (No. 106169)
       Attorney for Defendant
       Lybeck Pedreira & Justus PLLC
       7900 SE 28th St., Suite 500
       Mercer Island, WA 98040
       email: tom@lpjustus.com

Tom Pedreira (No. 106169)
Lybeck Pedreira & Justus PLLC
7900 SE 28th St., Suite 500
Mercer Island, WA 98040
Ph. (206-687-7805
Attorney for Defendant John Doe subscriber assigned IP address 67.180.85.215

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | Hon. William Alsup, U.S.D.J. |
| *Plaintiff,* | Case No. 3:16-cv-01006 (WHA) |
| vs. | CIVIL ACTION |
| **JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 67.180.85.215,** | **CERTIFICATION OF SERVICE** |
| *Defendant.* | |

1.      I, Thomas A. Pedreira , counsel for defendant John Doe subscriber assigned IP address 67.180.85.215, hereby certify that on May 11, 2016, I electronically filed this Defendant's Motion to Quash Subpoena pursuant to Rules 45, 5.2(e) and/or 26(c) of the Federal Rules of Civil Procedure with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

> Brenna Erlbaum
> Heit Erlbaum, LLP
> 501-I South Reino Rd #344
> Newbury Park, CA 91320
> Attorney for Plaintiff

2.      On May 11, 2016, I also caused to be sent a courtesy copy of all moving papers to the Hon. William Alsup, U.S.D.J., United States District Court, United States District Court, 450 Golden Gate Avenue, Courtroom 8 - 19th Floor, San Francisco, CA 94102, via regular mail.

3.      Defendant's counsel notified Comcast on May 11, 2016, that Defendant would be filing the within Motion imminently.

1

    4.      On May 11, 2016, I also caused to be sent a copy of all moving papers via facsimile to the following:

> Comcast Corporation
> Attn: Legal Department
> c/o CT Corporation System
> 818 West Seventh Street Ste 930
> Los Angeles, CA 90017
> Fax: 866-947-5587

    I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By:   /s/ Thomas A. Pedreira

Dated:  May 11, 2016

Thomas A. Pedreira (No. 106169)
Lybeck Pedreira & Justus PLLC
7900 SE 28th St., Suite 500
Mercer Island, WA 98040
email: tom@lpjustus.com