IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 67.180.85.215, <br><br> Defendant. | No. C 16-01006 WHA <br><br> **ORDER STAYING COMPLIANCE WITH THIRD-PARTY SUBPOENA** |

## INTRODUCTION

In this copyright infringement action, plaintiff has identified defendant based on his Internet Protocol address. An order granted plaintiff leave to serve a third-party subpoena on defendant's Internet provider in order to receive his identifying information for the purpose of effecting service. Defendant moves to quash the subpoena. For the reasons stated below, this order **STAYS** compliance with the subpoena pending submission of certain sworn evidence.

## STATEMENT

Since September 2015, plaintiff Malibu Media, LLC, has filed 178 copyright infringement actions in this district. The complaints in all such actions are virtually identical. In this action, Malibu Media accuses defendant, an Internet subscriber assigned IP address 67.180.85.215 by his Internet service provider, Comcast Communications, Inc., of copying and distributing 131 of Malibu Media's copyrighted pornographic films between April 2014 and

1   December 2015.  As with each of Malibu Media's actions, it accuses defendant of using a
2   digital file-sharing protocol known as BitTorrent to download, copy, and distribute these works.
3         The BitTorrent protocol called for splitting large files, such as Malibu Media's videos,
4   into many smaller pieces.  Once a file was broken down into those pieces, users of the protocol
5   could then copy and share the pieces of the larger file with each other, and once a user received
6   all of the pieces of a given file, each of which may have come from a different user, software on
7   the user's computer called a BitTorrent "client" reassembled the pieces into a complete file.
8   This scheme facilitated an efficient and decentralized distribution scheme as compared to
9   sharing a single large file from a single host site.
10         Malibu Media hired Excipio GmbH, which utilized the BitTorrent protocol to download
11   several of Malibu Media's files from the Internet.  Excipio monitored the IP addresses of the
12   distributors of each piece of each file it received.  Malibu Media alleges that Excipio received at
13   least one piece of each of 131 individual videos from the above-captioned IP address.
14         When it commenced this action in February 2016, Malibu Media could only identify
15   defendant by his Internet Protocol address, which is a numerical identifier assigned to each
16   Internet service subscriber by Comcast.  The complaint alleged that Malibu Media "used proven
17   IP address geolocation technology which has consistently worked in similar cases" to trace the
18   accused infringer's IP address to within this district (Compl. ¶ 6).  In March 2016, Malibu
19   Media sought leave to serve a third-party subpoena on Comcast for defendant's name and
20   address for the purpose of effecting service (Dkt. No. 6).  Malibu Media filed a sworn
21   declaration describing Excipio's work detecting the accused infringer's IP address and another
22   declaration explaining that serving a subpoena on an Internet provider is the only means to
23   discover the identity of a subscriber assigned to a given IP address.  It provided no declaration
24   explaining the use of geolocation technology to ascertain the approximate location of the IP
25   address.
26         Leave to serve the subpoena was granted, subject to a protective order, which required
27   Malibu Media to file any and all documents including defendant's identifying information
28   under seal, with all such information redacted on the public docket (Dkt. No. 7).

Defendant, who is represented by Attorney Thomas A. Pedreira, moves to quash the subpoena. This order follows full briefing and oral argument at which counsel for Malibu Media did not appear.[1]

**ANALYSIS**

Rule 45(d)(3) provides the conditions for quashing a subpoena:

> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> > (i) fails to allow a reasonable time to comply;
> > (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> > (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> > (iv) subjects a person to undue burden.
>
> (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
> > (i) disclosing a trade secret or other confidential research, development, or commercial information; or
> > (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Defendant contends that Comcast's compliance with this subpoena imposes an undue burden on his privacy interest in his personal identifying information, that the subpoenaed information will not identify the proper defendant, and that Malibu Media has not adequately established that defendant is subject to jurisdiction or venue in this district. Each argument is addressed in turn.

**1. DEFENDANT'S ALLEGED BURDEN.**

Rule 45(3)(iv) provides that a subpoena must be quashed if it "subjects a person to undue burden." Defendant cites two decisions that held that an Internet subscriber had standing to move to quash a third-party subpoena for his identifying information in light of the burden compliance with the subpoena would have on his privacy interests in that information. *See*

---

[1] This matter was called at the start of the Court's calendar, but held over until the end of the calendar in case Malibu Media's counsel arrived late.

3

*Malibu Media, LLC v. Does 1–25*, No. 12-362, 2012 WL 2367555, at *2 (S.D. Cal. June 21, 2012) (Judge David H. Bartick); *Third Degree Films, Inc. v. Does 1-108*, No. 11-3007, at *2 (D. Md. Feb. 28, 2012) (Judge Deborah K. Chasanow). Both decisions, however, denied the subscriber's motion to quash because the plaintiff's interest in identifying the defendant outweighed any privacy interest, which was "minimal at best." So too here.

The instant subpoena is the *only* way Malibu Media can ascertain defendant's identity. (Even if some third party, not the above-named subscriber, is the proper defendant, the subpoena will reveal the identity of the subscriber, who will likely have information helpful in identifying the true infringer.) Malibu Media's interest in identifying the defendant, who allegedly copied and distributed 131 of its copyrighted videos, plainly outweighs defendant's privacy interests here. Any such "burden" is not "undue."

Moreover, the protective order herein mitigates the alleged burden that defendant's identity might be linked to a copyright infringement action involving pornography. If defendant feels *further* safeguards are necessary to protect his privacy or to protect against harassment from Malibu Media, he is free to request further protections. He has not done so.

2.   **DENIAL OF LIABILITY.**

Defendant contends that the subpoena will not identify the actual infringer but rather the subscriber assigned to the IP address in question, who may not have committed the infringing acts. True, the actual infringer could be a third party, however, particularly in light of the frequency and the time frame of the alleged infringement (over one hundred videos downloaded over a period of more than a year), Malibu Media has alleged facts that plausibly show that the subscriber, and not a guest or a stranger, committed the infringing acts. Defendant does not assert that *in fact* some third party committed the infringement, he merely asserts that, *in theory*, a third party could have used the above-named IP address to copy and distribute Malibu Media's videos. In any case, defendant's denials of liability are a basis for a motion for summary judgment, not for quashing a subpoena for his identifying information at the very threshold.

4

### 3. GEOLOCATION.

Defendant's objection that Malibu Media failed to submit sworn evidence backing up the reliability of its "proven IP address geolocation technology" to trace defendant's IP address to a location in this district, however, has merit.

Defendant cites more than a dozen decisions in the Southern District of California that denied Malibu Media's request to serve a third-party subpoena due to concerns over the lack of a sworn record regarding the accuracy of its geolocation technology. *See, e.g.*, *Malibu Media, LLC v. John Doe*, No. 3:16-447, slip op. at 6–7 (ECF No. 5) (S.D. Cal. May 26, 2016) (Judge Mitchell D. Dembin); *Malibu Media, LLC v. John Doe*, No. 3:16-442, slip op. at 5 (ECF No. 5) (S.D. Cal. May 26, 2016) (Judge Karen S. Crawford); *Malibu Media, LLC v. John Doe*, No. 3:15-2931, slip op. at 5 (ECF No. 6) (S.D. Cal. Mar. 17, 2016) (Judge Ruben B. Brooks).

Defendant also notes that Judge Steven Locke in the Eastern District of New York has stayed all Malibu Media cases in that district pending an evidentiary hearing concerning Malibu Media's geolocation techniques. *See In re Malibu Media Adult Film Copyright Infringement Cases*, No. 15-3504 (ECF No. 12) (E.D.N.Y. Oct. 6, 2015). The evidentiary hearing occurred in April, and briefing following the hearing is underway.

Malibu Media does not address its failure to provide a sworn record of its geolocation process, but rather submits only attorney argument asserting that its geolocation services are accurate.

Although Malibu Media's allegations may have been adequate for the purposes of its complaint, it then sought affirmative relief (*i.e.*, leave to file a third-party subpoena before the initial case management conference). As such, its motion should have been supported by sworn evidence of such a critical fact as the means for determining the location of the accused infringer. This serves not only to protect the subscriber from the threat of litigation in an improper venue, but also to ensure that the relief sought does not require the Court to exercise authority outside of its jurisdiction. These protections would come at negligible burden to Malibu Media, which is presumably knowledgeable of its own methodology for identifying the location of the IP address identified in its complaint.

5

This order holds that Malibu Media's failure to include a sworn record on the reliability of its IP address geolocation methodology is fatal and constitutes cause to quash the instant subpoena on Comcast. Accordingly, compliance with the subpoena will be **STAYED**, pending further proceedings.

At this point, it is not necessary to conduct an evidentiary investigation into the reliability of Malibu Media's geolocation technology. A sworn first-hand declaration describing the process used in this case and its reliability will first be considered, subject possibly to proof later. The undersigned may revisit this decision in future cases if circumstances cast doubt on the reliability of Malibu Media's methodology.

Malibu Media should take this ruling to heart in any future or pending requests to serve third-party subpoenas.

At oral argument, defense counsel noted that the extended duration of the alleged pattern of infringement indicates that the above-named IP address is likely a static address (generally reserved for business customers), rather than a dynamic address, which changes over shorter periods of time. Nothing in the record currently addresses the differences between static and dynamic IP addresses, or the frequency at which dynamic IP addresses change, but to the extent that bears on Malibu Media's geolocation methodology, any sworn declaration should address that issue as well.

## CONCLUSION

For the reasons stated above, the subpoena served on Comcast in this action is hereby **STAYED**. Comcast shall *not* comply with the subpoena until further ordered by this Court.

Malibu Media shall promptly **SERVE** this order on Comcast.

**IT IS SO ORDERED.**

Dated: June 20, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE